UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 19-cv-00547-HSG<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISSOLVING PREVIOUSLY IMPLEMENTED RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 19, 26 |

Pending before the Court is a motion for a temporary restraining order and order to show cause pending preliminary injunction filed by Plaintiffs Michael Peterson and Toni Peterson on March 12, 2019. Dkt. No. 19 ("Mot."). Plaintiffs seek injunctive relief preventing Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, and Clear Recon Corp "from selling Plaintiffs' home, or attempting to sell it, or causing it to be sold, either under the power of sale in the trust deed or by foreclosure action; or any other conduct adverse to Plaintiffs regarding their long-time residence and real property." *Id.* at 2. On March 19, 2019, Defendant Wells Fargo opposed Plaintiffs' motion. Dkt. No. 32 ("Opp."). The Court held a hearing on this motion on March 22, 2019. For the following reasons, the Court **DENIES** the motion and **DISSOLVES** the temporary restraining order dated March 12, 2019.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In December 2007, Plaintiffs obtained a $900,000 loan from Wells Fargo's predecessor-in-interest, World Savings Bank, FSB, which was secured by a deed of trust recorded against 4442 Arlington Ave, Santa Rosa, CA 95407-8306. Dkt. No. 14 ("FAC") ¶ 19; FAC Ex. 1. In 2013, Plaintiffs first brought suit against Wells Fargo in connection with a loan modification. *See Peterson v. Wells Fargo Bank, N.A.*, No. 13-cv-03392-MEJ, 2015 WL 3397385 (N.D. Cal. May

26, 2015). The court there granted summary judgment in favor of Wells Fargo in May 2015. *Id.* In 2017, Plaintiffs brought a second suit against Wells Fargo, which came before this Court, alleging in part that Wells Fargo negligently reviewed their application for a loan modification by arbitrarily and inaccurately appraising Plaintiffs' application. *See Peterson v. Wells Fargo Bank, N.A.*, No. 17-cv-05137-HSG, 2018 WL 1948895, at *3 (N.D. Cal. Apr. 25, 2018) (*Peterson II*). The Court dismissed without leave to amend Plaintiffs' negligent review claim because Plaintiffs "failed to allege that Defendant owed a duty of care either because Defendant's involvement in the loan transaction . . . exceed[ed] the scope of its conventional role as a mere lender of money, or because Defendant otherwise place[d] Plaintiffs in a position that created a need for their loan modification application." *Id.* at *3 (internal quotation and citation omitted). The Court permitted other claims to proceed, however, and the parties ultimately reached a settlement in July 2018. *See* FAC ¶ 21, Ex. 2.

Under the terms of the settlement, Wells Fargo agreed to "conduct a new review of an application for a LOAN MODIFICATION REVIEW." FAC Ex. 2, ¶ 4.1. The agreement stated more than once that Wells Fargo promised nothing about the review's outcome. *Id.* ¶ 4.3 ("PLAINTIFFS acknowledge that WELLS FARGO'S LOAN MODIFICATION REVIEW shall not constitute a promise, representation, or guarantee that any such review will receive final approval, and nothing in this Agreement shall be construed as a promise, representation, or guarantee of such an approval."), ¶ 4.4 ("PLAINTIFFS acknowledge that, notwithstanding any conditional or final approval, WELLS FARGO makes no promise, representation, or guarantee whatsoever concerning the results of the LOAN MODIFICATION REVIEW including, but not limited to, the specific financial terms of any potential loan modification."). The agreement further provided that no foreclosure sale would occur "until sixty (60) days after the date of denial." *Id.* ¶ 4.5.

On August 13, 2018, Wells Fargo denied Plaintiffs a loan modification "based on the results of [Plaintiffs'] net present value (NPV) evaluation." *See* Dkt. No. 17 Ex. A.[1] On October

---

[1] The Court finds that it may incorporate Wells Fargo's denial into the operative complaint by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that under the

2

5, 2018, Plaintiffs' counsel submitted a letter to Wells Fargo, seeking to "appeal the denial," based on alleged miscalculations of the NPV. *See* FAC ¶ 45, Ex. 3. Wells Fargo responded on October 30, 2018, acknowledged Plaintiffs' counsel's letter, but maintained that its findings and denial were accurate. *See* FAC ¶ 46, Ex. 4. On November 27, 2018, Wells Fargo sent Plaintiffs another letter, affirming its October 30, 2018 decision. *See* FAC ¶ 26, Ex. 6. Wells Fargo ultimately set a January 2, 2019 date for a trustee sale, which was later postponed to March 13, 2019. *See* FAC ¶ 20.

Dissatisfied with the outcome, Plaintiffs filed this suit on December 28, 2018 in Sonoma County Superior Court, alleging that Wells Fargo's loan modification review was negligent. *See* Dkt. No. 1-1. After Wells Fargo removed the case to federal court, *see* Dkt. No. 1, it moved to dismiss the initial complaint, in part, for "attempt[ing] to convert a contract claim to a tort claim." *See* Dkt. No. 11 at 1. Plaintiffs thereafter filed an amended complaint, which added a claim for breach of the settlement agreement based on identical allegations that purportedly support their negligence claim. *Compare* FAC ¶¶ 18–39, *with id.* ¶¶ 40–61.

Although Plaintiffs knew well in advance of the planned March 13, 2019 trustee sale, they waited until the day before to file the pending motion for a temporary restraining order. Another court in this district "temporarily restrained" Defendants from proceeding with the trustee sale pending a hearing on Plaintiffs' motion. *See* Dkt. No. 26. This Court subsequently related the case and held a hearing on Plaintiffs' motion on March 22, 2019. *See* Dkt. No. 29 ("Order Relating Case").

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Either is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def.*

---

incorporation-by-reference doctrine, a court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached [to] the [plaintiff's] pleading" (citation omitted)).

3

*Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Id.* Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III.    DISCUSSION

Plaintiffs fail not only to show a likelihood of success on the merits or serious questions going to the merits but also that the balance of equities tip in their favor. Each are independently sufficient reasons to deny Plaintiffs' motion and dissolve the temporary restraining order. And because Plaintiffs' requested injunctive relief fails on these grounds, the Court need not address the other *Winter* factors.

### A.    Likelihood of Success on the Merits

To determine whether Plaintiffs have made out a substantial case for relief on the merits, the Court engages in a claim-by-claim analysis of the causes of action brought in the operative complaint. Here, Plaintiffs bring claims for breach of the confidentiality agreement and negligent review of their loan modification application.

#### 1.    Negligence

As to Plaintiffs' negligence claim, their theory of negligence is identical to the theory they advanced—and this Court rejected—in *Peterson II*. There, as here, Plaintiffs argued that this Court should follow *Alvarez v. BAC Home Loans Servicing, L.P.*, which found that lenders owe borrowers a "duty to exercise reasonable care in the review of their loan modification applications once they had agreed to consider them." 176 Cal. Rptr. 3d 304, 306 (Ct. App. 2014). *Compare*

4

*Peterson v. Wells Fargo Bank, N.A.*, No. 17-cv-05137-HSG, 2017 WL 6539743, at *4–5 (N.D. Cal. Dec. 21, 2017) (dismissing Plaintiffs' negligence claim with leave to amend), *and Peterson II*, 2018 WL 1948895, at *3 (dismissing Plaintiffs' negligence without leave to amend for advancing the same arguments as the prior complaint and failing to present contrary intervening authority), *with* Dkt. No. 34 at 8–9 (arguing in opposition to Wells Fargo's pending motion to dismiss that Plaintiffs "believe the reasoning in *Alvarez* is persuasive"). But there, as here, the Court finds that the Ninth Circuit has limited *Alvarez*'s reach, and more important, "any harm to Plaintiffs is not primarily attributable to Defendant's processing of Plaintiffs' loan modification application. Rather, when the modification was necessarily due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, is not . . . closely connected to the lender's conduct." *See Peterson*, 2017 WL 6539743, at *5 (internal quotations and citations omitted); *see also Saldana v. Wells Fargo Bank, N.A.*, No. 18-cv-01049-HSG (N.D. Cal. Feb. 8, 2019) (reaching the same conclusion). Last, there, as here, Plaintiffs have known the Court's position on this cause of action but "fail to cite any intervening authority that would merit a different result." *Compare Peterson II*, 2018 WL 1948895, at *3 (discussing Plaintiffs' failure to address or distinguish the Court's prior holding), *with* Dkt. No. 34 at 9 (advancing the same *Alvarez* claim without addressing or distinguishing the Court's prior holdings).

The Court finds no reason—and more important, Plaintiffs present the Court with no reason—to reconsider its prior holdings on this issue. Accordingly, the Court finds that Plaintiffs have not demonstrated a likelihood of success on their negligence claim.

### 2. Breach of Contract

Plaintiffs allege two bases for a breach of the settlement agreement. First, Plaintiffs allege that Wells Fargo's post-settlement loan modification review "was a sham." FAC ¶ 23. Second, Plaintiffs allege that Wells Fargo initial scheduling of the trustee sale for January 2, 2019 was "within the agreed-upon sixty (60) day forbearance period" in the agreement. *Id* ¶ 22.

As to the alleged "sham" review, Plaintiffs' claim rests entirely on their disagreement with Wells Fargo's NPV calculation and outcome. But disagreeing with the outcome is not evidence of a breach, let alone a "sham," particularly when the contract at issue disavowed any promises on an

outcome. As to the NPV calculation, Plaintiffs offers no explanation for why Defendants were obligated to adopt Plaintiffs' computation, even if it were a reasonable alternative.

As to the initial trustee sale scheduled, it is not clear that Wells Fargo breached the forbearance provision. On this point, the parties dispute the agreement's language. Plaintiffs claim the agreement "provides that Wells Fargo will not conduct a foreclosure sale until sixty (60) days after the <u>final</u> loan modification denial," and that the January 2, 2019 trustee sale was less than 60 days after Wells Fargo's November 27, 2018 letter. *See* FAC ¶ 21 (emphasis added). Wells Fargo responds that the agreement's forbearance period in fact says "sixty (60) days after the date of denial," which in Wells Fargo's view referred to the date of the initial denial: August 13, 2018. Opp. at 8. Whatever the agreement's meaning, Wells Fargo moved the trustee sale date and one has not happened to date. Even if, as Plaintiffs argue in opposition to Wells Fargo's pending motion to dismiss, they are entitled to some damages for Wells Fargo initially setting the trustee sale on January 2, 2019, such damages would be monetarily compensable in a manner that does not require the extraordinary remedy of a temporary restraining order or preliminary injunction.[2]

### B. Balance of Equities

Plaintiffs argue that "[w]hile it is true that Defendants will not be able to sell the Real Property immediately and will expend costs in further litigating this action, when balanced against Plaintiffs' potential loss, Defendants' harm is outweighed." Mot. at 8. Wells Fargo responds that this Court should consider Plaintiffs' delinquency on the loan. Opp. at 8–9.

The Court has no doubt that in many instances the balance of equities will tip in favor of a plaintiff facing the loss of what may be their most important and valuable possession over a large financial institution like Wells Fargo facing monetary ramifications. But there is no rule favoring plaintiffs in every context, and this case demonstrates why. Without dispute, Plaintiffs have made no payments on their loan—and thus have lived in their home payment-free—for six years.

---

[2] The Court in no way here opines on the merits of Plaintiffs' damages theory; rather, the Court observes that any damages available under that theory would not warrant the extraordinary remedy of Plaintiffs' desired injunctive relief.

6

Numerous courts have found the balance of equities tip against plaintiffs who were far less delinquent than Plaintiffs here. *See, e.g.*, *Frias v. Wells Fargo Bank*, No. C-13-00075 EDL, 2013 WL 321690, at *5 (N.D. Cal. Jan. 28, 2013) (finding the balance of equities tipped against a plaintiff who was more than two years late on payments); *Vera v. Wells Fargo Bank, N.A.*, No. CV-10-01568-PHX-MHM, 2010 WL 11629099, at *3 (D. Ariz. Aug. 27, 2010) (finding the balance of equities tipped against a plaintiff who was less than one year late on payments); *Alcarez v. Wachovia Mortg. FSB*, 592 F. Supp. 2d 1296, 1305–06 (E.D. Cal. 2009) (finding the balance of equities tipped against a plaintiff who was more than one year late on payments).

The Court is sympathetic to the plight of those facing foreclosure and in no way minimizes the difficulties foreclosures inflict and the ripple effect they have on lives. It cannot, however, find that the balance of equities tips in favor of persons who have not made mortgage payments in six years.

## IV. CONCLUSION

Because the test for injunctive relief requires a showing of likelihood of success and that the balance of equities tip in favor of Plaintiffs, the Court does not reach the remaining *Winter* factors. Plaintiffs' pending motion is **DENIED** and the temporary restraining order dated March 12, 2019 is **HEREBY DISSOLVED**.

**IT IS SO ORDERED.**

Dated: 3/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge