UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 19-cv-00547-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

On December 28, 2018, Plaintiffs Michael Peterson and Toni Peterson brought this suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Home Mortgage,[1] and Clear Recon Corp (collectively, "Defendants") in Sonoma County Superior Court. *See* Dkt. No. 1-1. After Wells Fargo removed the action to federal court, Plaintiffs filed an amended complaint. Dkt. Nos. 1, 14 ("FAC"). Now pending before the Court is Wells Fargo's motion to dismiss the FAC, briefing for which is complete. Dkt. Nos. 16 ("Mot."), 34 ("Opp."), 38 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** Wells Fargo's motion.[2]

I.  **BACKGROUND**

In December 2007, Plaintiffs obtained a $900,000 loan from Wells Fargo's predecessor-in-interest, World Savings Bank, FSB, which was secured by a deed of trust recorded against 4442 Arlington Ave, Santa Rosa, CA 95407-8306. FAC ¶ 19; FAC Ex. 1. In 2013, Plaintiffs first brought suit against Wells Fargo in connection with a loan modification. *See Peterson v. Wells*

---

[1] Wells Fargo contends that Wells Fargo Home Mortgage was erroneously named as a Defendant. *See* Dkt. No. 16. Because the Court grants Wells Fargo's motion to dismiss in its entirety, it need not resolve the proper identification of Defendants here.

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

*Fargo Bank, N.A.*, No. 13-cv-03392-MEJ, 2015 WL 3397385 (N.D. Cal. May 26, 2015). The court there granted summary judgment in favor of Wells Fargo in May 2015. *Id.* In 2017, Plaintiffs brought a second suit against Wells Fargo, which came before this Court, alleging in part that Wells Fargo negligently reviewed their application for a loan modification by arbitrarily and inaccurately appraising Plaintiffs' application. *See Peterson v. Wells Fargo Bank, N.A.*, No. 17-cv-05137-HSG, 2018 WL 1948895, at *3 (N.D. Cal. Apr. 25, 2018) (*Peterson II*). The Court dismissed without leave to amend Plaintiffs' negligent review claim because Plaintiffs "failed to allege that Defendant owed a duty of care either because Defendant's involvement in the loan transaction . . . exceed[ed] the scope of its conventional role as a mere lender of money, or because Defendant otherwise place[d] Plaintiffs in a position that created a need for their loan modification application." *Id.* at *3 (internal quotation and citation omitted). The Court permitted other claims to proceed, however, and the parties ultimately reached a settlement in July 2018. *See* FAC ¶ 21; FAC Ex. 2 ("Settlement Agreement").

Under the terms of the settlement, Wells Fargo agreed to "conduct a new review of an application for a LOAN MODIFICATION REVIEW." FAC Ex. 2, ¶ 4.1. The agreement stated more than once that Wells Fargo promised nothing about the review's outcome. *Id.* ¶ 4.3 ("PLAINTIFFS acknowledge that WELLS FARGO'S LOAN MODIFICATION REVIEW shall not constitute a promise, representation, or guarantee that any such review will receive final approval, and nothing in this Agreement shall be construed as a promise, representation, or guarantee of such an approval."), ¶ 4.4 ("PLAINTIFFS acknowledge that, notwithstanding any conditional or final approval, WELLS FARGO makes no promise, representation, or guarantee whatsoever concerning the results of the LOAN MODIFICATION REVIEW including, but not limited to, the specific financial terms of any potential loan modification."). The agreement further provided that no foreclosure sale would occur "until sixty (60) days after the date of denial." *Id.* ¶ 4.5.

On August 13, 2018, Wells Fargo denied Plaintiffs a loan modification "based on the

results of [Plaintiffs'] net present value (NPV) evaluation." *See* Dkt. No. 17 Ex. A.[3] On October 5, 2018, Plaintiffs' counsel submitted a letter to Wells Fargo, seeking to "appeal the denial," based on alleged miscalculations of the NPV. *See* FAC ¶ 45; FAC Ex. 3. Wells Fargo responded on October 30, 2018, acknowledged Plaintiffs' counsel's letter, and maintained that its findings and denial were accurate. *See* FAC ¶ 46; FAC Ex. 4. On November 27, 2018, Wells Fargo sent Plaintiffs another letter, affirming its October 30, 2018 decision. *See* FAC ¶ 26; FAC Ex. 6. Wells Fargo ultimately set a January 2, 2019 date for a trustee sale, which was later postponed to March 13, 2019. *See* FAC ¶ 20.

Dissatisfied with the outcome, Plaintiffs filed this suit on December 28, 2018 in Sonoma County Superior Court, alleging that Wells Fargo's loan modification review was negligent. *See* Dkt. No. 1-1. After Wells Fargo removed the case to federal court, *see* Dkt. No. 1, it moved to dismiss the initial complaint, in part, for "attempt[ing] to convert a contract claim to a tort claim." *See* Dkt. No. 11 at 1. Plaintiffs thereafter filed an amended complaint, which added a claim for breach of the Settlement Agreement based on allegations identical to those that purportedly support their negligence claim. *Compare* FAC ¶¶ 18–39, *with id.* ¶¶ 40–61. Plaintiffs also filed a motion for a temporary restraining order to prevent Defendants from proceeding with a trustee sale, which this Court denied. *See* Dkt. Nos. 19, 36.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To

---

[3] The Court finds that it may incorporate Wells Fargo's denial into the operative complaint by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that under the incorporation-by-reference doctrine, a court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached [to] the [plaintiff's] pleading" (citation omitted)).

3

survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted).

### III. DISCUSSION

Plaintiffs bring claims for (1) breach of the Settlement Agreement, and (2) negligent review of their loan modification application. FAC ¶¶ 18–61. Wells Fargo moves to dismiss each cause of action.

#### A. Negligence

As to Plaintiffs' negligence claim, their theory of negligence is identical to the theory they advanced—and this Court rejected—in *Peterson II*. There, as here, Plaintiffs argued that this Court should follow *Alvarez v. BAC Home Loans Servicing, L.P.*, which found that lenders owe borrowers a "duty to exercise reasonable care in the review of their loan modification applications once they had agreed to consider them." 176 Cal. Rptr. 3d 304, 306 (Ct. App. 2014). *Compare Peterson v. Wells Fargo Bank, N.A.*, No. 17-cv-05137-HSG, 2017 WL 6539743, at *4–5 (N.D.

4

Cal. Dec. 21, 2017) (dismissing Plaintiffs' negligence claim with leave to amend), *and Peterson II*, 2018 WL 1948895, at *3 (dismissing Plaintiffs' negligence without leave to amend for advancing the same arguments as the prior complaint and failing to present contrary intervening authority), *with* Opp. at 8–9 (arguing that Plaintiffs "believe the reasoning in *Alvarez* is persuasive"). But there, as here, the Court finds that the Ninth Circuit has limited *Alvarez*'s reach, and more important, "any harm to Plaintiffs is not primarily attributable to Defendant's processing of Plaintiffs' loan modification application. Rather, when the modification was necessarily due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, is not . . . closely connected to the lender's conduct." *See Peterson*, 2017 WL 6539743, at *5 (internal quotations and citations omitted); *see also Saldana v. Wells Fargo Bank, N.A.*, No. 18-cv-01049-HSG, 2019 WL 501481, at *6–7 (N.D. Cal. Feb. 8, 2019) (reaching the same conclusion). Last, there, as here, Plaintiffs have known the Court's position on this cause of action but "fail to cite any intervening authority that would merit a different result." *Compare Peterson II*, 2018 WL 1948895, at *3 (discussing Plaintiffs' failure to address or distinguish the Court's prior holding), *with* Opp. at 9 (advancing the same *Alvarez* claim without addressing or distinguishing the Court's prior holdings).

The Court finds no reason—and more important, Plaintiffs present the Court with no reason—to reconsider its prior holdings on this issue. The Court further finds that leave to amend is not warranted under the circumstances. Although this is the first dismissal order in this action, Plaintiffs are effectively relitigating the same argument, against the same Defendants, before the same court, for the third time. Plaintiffs' repeated failure to present any principled basis for the Court to reconsider its prior holdings demonstrates that Plaintiffs' negligence claim "could not possibly be cured by the allegation of other facts." *See Lopez*, 203 F.3d at 1127. If such facts existed, Plaintiffs surely would have alleged them in the operative complaint.

Accordingly, the Court **DISMISSES** Plaintiffs' negligence claim without leave to amend.

### B. Breach of Contract

Plaintiffs allege two bases for breach of the Settlement Agreement. First, Plaintiffs allege that Wells Fargo's post-settlement loan modification review "was a sham." FAC ¶ 23. Second,

5

Plaintiffs allege that Wells Fargo's initial scheduling of the trustee sale for January 2, 2019 was "within the agreed-upon sixty (60) day forbearance period" in the Settlement Agreement. *Id* ¶ 22.

As to the alleged "sham" review, Plaintiffs' claim rests entirely on their disagreement with Wells Fargo's NPV calculation and outcome. But disagreeing with the outcome is not evidence of a breach, let alone a "sham," particularly when the contract at issue disavowed any promises on an outcome. As to the NPV calculation, Plaintiffs offer no explanation for why Defendants were obligated to adopt Plaintiffs' computation, even if it were a reasonable alternative. And as a general matter, it is unclear what Plaintiffs' "sham" theory of breach of contract even entails, particularly when Plaintiffs seek leave to amend the Complaint to allege a cause of action under California's Unfair Competition Law ("UCL"). *See* Opp. at 10.

As to the initially scheduled trustee sale, the Court finds that Defendants did not breach the forbearance period provision under the only fair reading of the Settlement Agreement. The relevant provision of the Settlement Agreement provides, in whole:

> 4.5 WELLS FARGO will not proceed with any foreclosure sale on the PROPERTY while the LOAN MODIFICATION REVIEW is pending, and, if necessary, during an appeal of the denial decision. Upon notification of the result of the review, PLAINTIFFS will then have a 30 day period to appeal a loan modification denial, if the application is denied. If the loan modification application is denied, WELLS FARGO will not conduct the foreclosure sale until sixty (60) days after the date of the denial.

FAC Ex. 2, ¶ 4.5. The operative complaint recharacterizes this language as providing that "Wells Fargo [would] not conduct a foreclosure sale until sixty (60) days after the <u>final</u> loan modification denial." FAC ¶ 21 (emphasis added). Not true. Although the agreement provides that Wells Fargo would not proceed with a foreclosure sale "during an appeal of the denial decision," the sixty day forbearance window is explicitly anchored to the date of denial, not the resolution of appeals. Because no fair reading of this provision comports with Plaintiffs' breach theory, this is thus not a case where ambiguity precludes dismissal. *Cf. Vigdor v. Super Lucky Casino, Inc.*, No. 16-cv-05326-HSG, 2017 WL 2720218, at *3 (N.D. Cal. June 23, 2017).

The Court further finds that leave to amend is not warranted as to Plaintiffs' claim for breach of the forbearance provision. No new facts would change the forbearance provision's

construction. Nor would new facts change the date of the denial. Accordingly, the Court **DISMISSES** Plaintiffs' breach of the Settlement Agreement's forbearance provision without leave to amend. As to Plaintiffs' theory that Wells Fargo's post-settlement loan modification review "was a sham," however, the Court cannot now say that Plaintiffs could not allege facts to support a claim, if given leave to amend. The Court thus **DISMISSES** Plaintiffs' "sham" review theory for breach of the Settlement Agreement with leave to amend. To the extent Plaintiffs seek to reframe their breach of contract claim as a UCL claim, Plaintiffs must articulate with clarity both the facts and law supporting whatever theory Plaintiffs advance.

## IV. CONCLUSION

The Court **GRANTS** Wells Fargo's motion to dismiss the first amended complaint. Dismissal is with leave to amend, except as otherwise stated above. Any amended complaint must be filed within 21 days of the date of this order. This is the last opportunity Plaintiffs will be given to attempt to state a viable claim. If they again fail to do so, the Court will dismiss the case with prejudice without further notice.

The Court also **VACATES** the April 25, 2019 initial case management conference ("CMC"). The Court will reschedule the initial CMC if and when Plaintiffs state a viable claim.

**IT IS SO ORDERED.**

Dated: 4/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

7